**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GAIL FIALKOV, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

and

SEAFARERS PENSION PLANS; OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM; UNITED INDUSTRIAL WORKERS PENSION PLAN; MCS SUPPLEMENTARY PENSION PLAN; SEAFARERS OFFICERS AND EMPLOYEES PENSION PLAN,

Plaintiffs-Appellants,

v.

MICROSOFT CORPORATION; STEVEN A. BALLMER; PETER KLEIN; TAMI RELLER,

Defendants-Appellees.

No.    15-35143

D.C. No. 2:13-cv-02039-RSM

MEMORANDUM[*]

Appeal from the United States District Court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted June 15, 2017[**]
Seattle, Washington

Before: BYBEE, M. SMITH, and CHRISTEN, Circuit Judges.

Appellants appeal the district court's dismissal of all claims for failure to state a claim in this securities-fraud case brought against Appellees for statements made related to the Microsoft Surface and its inventory levels. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

To survive a motion to dismiss a securities fraud claim, Appellants must have alleged: (1) a material misrepresentation or omission, (2) made with scienter, (3) in connection with the purchase or sale of a security, (4) on which Appellants relied, (5) resulting in economic loss, and (6) loss causation. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014). In their complaint, Appellants needed to "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(3)(A). They are subject to "[m]ore exacting pleading requirements" than regular causes of action, and we require pleading "with particularity." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). "In few other areas are motions to

dismiss for failure to state a claim . . . so powerful." *Ronconi v. Larkin*, 253 F.3d 423, 437 (9th Cir. 2001).

"Rule 10b-5 prohibits '*only* misleading and untrue statements, not statements that are incomplete.'" *Police Ret. Sys. v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1061 (9th Cir. 2014). The district court correctly held that Appellants failed to carry their burden of pleading, with particularity, misleading or untrue statements on the part of Appellees. When viewed in context, none of the identified statements created "an impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed]." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).

**AFFIRMED.**